POINT O'WOODS ASSOCIATION, INC., ET AL. *v.* ZONING BOARD OF APPEALS OF THE TOWN OF OLD LYME ET AL.

COTTER, C. J., LOISELLE, BOGDANSKI, LONGO and PETERS, Js.

Argued April 10—decision released July 17, 1979

*Robert N. Shea*, with whom, on the brief, was *Theodore A. Harris*, for the appellant-appellee (named plaintiff).

*John G. Ellsworth*, with whom, on the brief, was *Marilyn C. Clarke*, for the appellee-appellant (named defendant).

*Andrew G. Messina, Jr.*, for the appellee-appellant (defendant Robert F. Russo).

LOISELLE, J. Robert F. Russo and William H. Blaeuer, hereinafter designated as the defendants, applied to the zoning board of appeals of the town of Old Lyme, hereinafter designated as the board, for a variance of the zoning regulations so that they could convert a two-story structure containing an existing store and apartment to a two-apartment building. The board granted the application. The Point O'Woods Association, Inc., hereinafter designated as the plaintiff, appealed to the Court of Common Pleas. Upon dismissal of the appeal, the plaintiff, the defendants, and the board, after certification was granted, appealed to this court.

On appeal, both the defendants and the board contend that the court erred in finding that the plaintiff had standing to appeal. The plaintiff is a municipal corporation specially chartered by the General Assembly. It owns and maintains the roadways within its district, including the roadway adjacent to the defendants' property.[1] General Statutes § 8-8 provided in part at the time of the application that: "Any person or persons severally or jointly aggrieved by any decision of said board, or any

---

[1] The association maintains these roads which have never been dedicated as public highways or conveyed to the town of Old Lyme.

person owning land which abuts . . . may, within fifteen days from the date when notice of such decision was published . . . take an appeal . . . ." Both the defendants and the board argue that the plaintiff's interest in the roadway is not in the class of ownership contemplated by § 8-8 and therefore the plaintiff is not an abutting owner within the meaning of the statute. For this reason, they claim that the court was in error in so finding and thus allowing the plaintiff to pursue its appeal.

General Statutes § 8-8 unequivocally provides that anyone who owns land abutting property that is the subject of an appeal from a zoning board of appeals' ruling may appeal the board's decision. "The intention of the legislature is found not in what it meant to say, but in the meaning of what it did say." *Colli* v. *Real Estate Commission,* 169 Conn. 445, 452, 364 A.2d 167; *Hartford Electric Light Co.* v. *Water Resources Commission,* 162 Conn. 89, 98, 291 A.2d 721. Where the language of the statute is clear and unambiguous, the courts cannot, by construction, read into statutes provisions which are not clearly stated. *Houston* v. *Warden,* 169 Conn. 247, 251, 363 A.2d 121; *Robinson* v. *Guman,* 163 Conn. 439, 444, 311 A.2d 57. The plaintiff's ownership of land which abuts the premises in question fits squarely within the clear language of General Statutes § 8-8. Therefore, the trial court was correct in ruling that the plaintiff had standing to appeal.

On its appeal, the plaintiff argues that the board acted illegally, arbitrarily, and in abuse of its discretion in granting the zoning variance requested by the defendants. It is undisputed by the parties that the defendants, or at least one of them, purchased the parcel of property known as Foley's

Store in the Point O'Woods section of Old Lyme. The store was a nonconforming commercial use located in an area zoned single-family residential. The property was purchased from a foreclosing bank and was vacant at the time of purchase. After the purchase, the defendants met with representatives of the plaintiff and informed them that they intended to reopen the store. The defendants were told that the plaintiff opposed the defendants' plans for the store and that the association might possibly raise the issue of abandonment to block the defendants' attempt to reopen the store.

The defendants' application to the board was for a variance to convert the store and apartment into a two-family residence. The variance was requested because "the subject property consists of 3 combined lots with one large building situated partially on each lot. The existing building has been used as a two-unit building with a general store on the first floor and a 900 sq. ft. apartment on second floor since a date prior to enactment of zoning. Due to an interruption of the store's operation by a prior owner, the right to the store use has been subjected to a claim of abandonment of a non-conforming use. The existing structure is too large to be used as a single apartment (each floor being equal to or greater than the average cottage unit in the area)."

At its executive meetings, the board found or at least considered that the use at the time of the hearing was commercial, that is, a nonconforming use. This is apparent from the minutes of two of its meetings. The observation was made that the change would be from a commercial to a residential use and that a commercial use could have a greater impact than the change the defendants were request-

ing. Although it appears that the "largeness of the downstairs area" and "the size of the building" were discussed, there is no clear indication of a determination of unusual hardship or exceptional difficulties as required by Old Lyme Zoning Regs. § 14.3.3 and General Statutes § 8-6. The record in the instant action supports the board's conclusion that the permission granted for the change of a commercial use to a residential use would allow a more restricted use and therefore would be within the power of the board to grant.

The plaintiff claims that the board was in error in allowing the change of use because neither its minutes nor the reasons set down for a variance state a finding of hardship or exceptional difficulties. Generally, where the reasons given by a board of appeals do not support a finding of "exceptional difficulty or unusual hardship," as expressed in the Old Lyme zoning regulations, the board is in error in granting a variance on that ground. Proof of existence of such hardship is a condition precedent to the granting of such variances. *Nash* v. *Zoning Board of Appeals,* 165 Conn. 576, 577, 345 A.2d 35; *Berlani* v. *Zoning Board of Appeals,* 160 Conn. 166, 170, 276 A.2d 780. The court was in error in finding that the reasons of the board and the record support a finding of hardship or exceptional difficulties.

An examination of the zoning regulations of the town of Old Lyme, however, requires a further consideration of the board's power to grant permission to an applicant to change one nonconforming use to another nonconforming use as was done in this case.

In the first instance, it is the board, as the trier of fact, which must determine whether a nonconforming

use is in existence at the time of the application. 2 Yokley, Zoning Law and Practice (3d Ed.) § 16-7, p. 238. As previously stated, a fair reading of the minutes of the meetings of the board indicate that it found that the use of the premises was non-conforming. It is true that there had been some nonuse and that the store was vacant at the time of foreclosure and at the time of sale to the defendants, but these facts alone do not mean there was an abandonment. "The temporary interruption or suspension of a nonconforming use without substitution of a conforming one or such a definite and substantial departure from previously existing conditions and uses as to signify an abandonment of the latter, does not terminate the right to resume them." *Lehmaier* v. *Wadsworth,* 122 Conn. 571, 576, 191 A. 539; *Dubitzky* v. *Liquor Control Commission,* 160 Conn. 120, 125, 273 A.2d 876; *State ex rel. Eramo* v. *Payne,* 127 Conn. 239, 16 A.2d 286. The record in this case supports the board's consideration of the use of the premises in question as being non-conforming at the time of the hearing. It is implicit in the record that no abandonment was found by the board and that the use of the premises was nonconforming commercial.

"It is a general principle in zoning that non-conforming uses should be abolished or reduced to conformity as quickly as the fair interest of the parties will permit." *Salerni* v. *Scheuy,* 140 Conn. 566, 570, 102 A.2d 528; *Hyatt* v. *Zoning Board of Appeals,* 163 Conn. 379, 383–84, 311 A.2d 77; 8A McQuillin, Municipal Corporations (3d Ed. Rev. 1976) § 25.183. The zoning regulations of most municipalities do so provide. In the regulations in this case, however, the treatment of nonconforming uses is most unusual. Such uses may be changed

to another nonconforming use with the approval of the zoning board of appeals, so long as the use is not extended or expanded.[2] Also, the regulations allow restoration or reconstruction within a year of a building damaged or destroyed by fire, explosion, act of God, or by public enemy, to its prior condition. It also allows restoration of an unsafe wall or structural member. Such provisions in a zoning ordinance relating to nonconforming uses give greater liberality to a board than would be legally possible under an ordinance with the usual provisions regarding nonconforming uses. *Fiorilla* v. *Zoning Board of Appeals,* 144 Conn. 275, 281, 129 A.2d 619. Where such an ordinance is present, so long as the approval does not enlarge or extend the nonconforming use, the action of the board approving the change of one nonconforming use to another must be upheld. *Stern* v. *Zoning Board of Appeals,* 140 Conn. 241, 99 A.2d 130; *Lathrop* v. *Norwich,* 111 Conn. 616, 151 A. 183. Although the record does not support the trial court's finding of exceptional difficulty or unusual hardship, it did support the court's ultimate conclusion that the plaintiff's appeal be dismissed. *Favorite* v. *Miller,* 176 Conn. 310, 317, 407 A.2d 974 (1978); *Morris* v. *Costa,* 174 Conn. 592, 392 A.2d 468.

There is no error.

In this opinion the other judges concurred.

---

[2] "[Old Lyme Zoning Regs. §] 13.1.1 No non-conforming use may be changed except to a conforming use, or with the approval of the Zoning Board of Appeals to another non-conforming use."