VIRGINIA G. AITKEN *v.* ZONING BOARD OF APPEALS OF THE TOWN OF BRANFORD ET AL.
(6851)

BORDEN, O'CONNELL and FOTI, Js.

Argued December 13, 1988—decision released April 25, 1989

*Roger Sullivan,* for the appellant (plaintiff).

*Norbert W. Church, Jr.,* for the appellee (named defendant).

*Richard D. Patterson,* for the appellee (defendant Robert Stosse).

FOTI, J. The plaintiff, Virginia G. Aitken, upon certification by this court, appeals from a judgment of the trial court dismissing her appeal from the action of the named defendant, the Branford zoning board of appeals (board), granting a variance to the defendant property owner, Robert Stosse.

On appeal, the plaintiff claims that the trial court erred (1) in concluding that there was sufficient evidence of hardship to support the granting of the variance, (2) in applying an improper standard of review, (3) in considering improper documentary evidence, and (4) in finding that the defendant board had relied upon a prior variance grant. We find error on the plaintiff's first claim.

There is no substantial dispute about the facts. The subject lot is in an R-5 zone, Branford's highest residential zone. Branford's zoning regulations require each lot in an R-5 zone to have a minimum lot frontage of 130 feet. The board granted Stosse a variance that reduced the minimum lot frontage from 130 feet to zero feet. This variance would permit Stosse to resubdivide his 3.75 acre parcel and establish a rear building lot with zero frontage. The subject lot is located on an existing right-of-way which accesses other residences.

In his application for the variance, Stosse stated the reason for hardship: "I am unable to care for the property—Briars and Poison Ivy grow and extend into the neighbor's yards." At a hearing on February 10, 1987, the board never specifically addressed the issue of hardship, but during that hearing Stosse's counsel

referred to a prior variance Stosse had received in 1977 that related to the property at issue and to several neighboring lots. The 1977 variance permitted Stosse to subdivide his property into several individual lots. Stosse retained the lot in question and used it as his residence. The only evidence of the earlier variance presented to the board was a statement by Stosse's counsel that he had received a variance.[1] No additional evidence of hardship was offered at the hearing. The board, in granting the variance, provided no reason for its action and none was furnished in the minutes of the meeting.

In upholding the board's decision granting Stosse a variance, the trial court found the plaintiff was an abutting landowner within the meaning of General Statutes § 8-8 (a) and, therefore, had standing to appeal. As to the board's decision granting the variance, the court found the board's "recognition of its prior granting of a variance concerning the subject property" determinative of hardship.

I

Before turning to the merits of the plaintiff's claim, we must address the defendants' jurisdictional claims to decide whether this appeal is properly before us. Stosse argues that the plaintiff did not meet her burden of proving she was aggrieved by the board's action pursuant to General Statutes § 8-8 (a)[2] in that she did

---

[1] With respect to the 1977 variance, Stosse's counsel stated: "[T]he original variances granted in 77 were granted on the basis of a hardship that was found at that time, and that is essentially the same. My client probably could have gotten additional variances at that time had he sought it, but he intended to use it for his own purposes. On the initial variance, the hardship was the road size and shape of the property and the fact that the surrounding property both on the north and south have been developed as existing subdivision and didn't make much sense because of the size of the property to bring in an additional full size road."

[2] General Statutes § 8-8 (a) provides: "Any person or persons severally or jointly aggrieved by any decision of said board, or any person owning

not demonstrate a direct personal or legal interest in the outcome of the litigation, other than her status as an abutting landowner.

General Statutes § 8-8 (a) specifically provides: "Any person . . . aggrieved by any decision of said board, *or* any person owning land which abuts or is within a radius of one hundred feet of any portion of the land involved in any decision of said board . . . may . . . take an appeal to the superior court . . . . " (Emphasis added.) This statute conveys standing on abutting landowners without the necessity of proving some other personal interest in the outcome of the litigation. *Smith* v. *Planning & Zoning Board,* 203 Conn. 317, 321, 524 A.2d 1128 (1987). This claim is, therefore, without merit.

The board claims that the plaintiff's appeal should be dismissed for lack of subject matter jurisdiction because the plaintiff did not name the chairman or clerk of the board as a necessary party. The board argues that this notice defect is fatal to the plaintiff's appeal in light of our Supreme Court's extension of its reasoning and holdings in *Simko* v. *Zoning Board of Appeals,* 205 Conn. 413, 533 A.2d 879 (1987) *(Simko I),* and *Simko* v. *Zoning Board of Appeals,* 206 Conn. 374, 538 A.2d 202 (1988) *(Simko II),* to require the chairman or clerk of the zoning board be named as a necessary party. *Andrew Ansaldi Co.* v. *Planning & Zoning Commission,* 207 Conn. 67, 540 A.2d 59 (1988).

land which abuts or is within a radius of one hundred feet of any portion of the land involved in any decision of said board, or any officer, department, board or bureau of any municipality, charged with the enforcement of any order, requirement or decision of said board, may, within fifteen days from the date when notice of such decision was published in a newspaper pursuant to the provisions of section 8-3 or 8-7, as the case may be, take an appeal to the superior court for the judicial district in which such municipality is located, which appeal shall be made returnable to said court in the same manner as that prescribed for civil actions brought to said court."

We begin by reviewing the Supreme Court's decisions in *Simko I* and *Simko II,* and developments subsequent to these cases. In *Simko II,* the Supreme Court affirmed its decision in *Simko I* interpreting General Statutes (Rev. to 1985) § 8-8 (b),[3] as amended by Public Acts 1985, No. 85-284, § 3, and held that the clerk of the municipality *and* the clerk or chairman of the zoning board are necessary parties to the initiation of a zoning appeal, and both must be properly cited and served with copies of the appeal. Failure to comply strictly with § 8-8 (b) subjects the appeal to dismissal as it constitutes a defect involving subject matter jurisdiction. *Simko I,* supra, 421; *Simko II,* supra, 383. Although *Simko I* and *Simko II* did not squarely address the issue of service on the chairman or clerk of the zoning board, in *Andrew Ansaldi Co.* v. *Planning & Zoning Commission,* supra, 69–70 n.2, the court expressly extended its reasoning in *Simko I* and *Simko II* to apply to the chairman or clerk of the board.

In response to these decisions, the legislature further amended § 8-8 (b) in April, 1988, by adding the following provision: "provided service upon the clerk of the municipality should be for the purpose of providing additional notice of such appeal to said board and shall not thereby make such clerk a necessary party to such appeal."[4]

---

[3] At the time *Simko I* and *Simko II* were decided, in December, 1987, and March, 1988, General Statutes § 8-8 (b) provided: "Notice of such appeal shall be given by leaving a true and attested copy thereof with, or at the usual place of abode of, the chairman or clerk of said board, and by serving a true and attested copy upon the clerk of the municipality. The appeal shall state the reasons upon which it has been predicated and shall not stay proceedings upon the decision appealed from, but the court to which such appeal is returnable may, on application, on notice to the board and on cause shown, grant a restraining order."

[4] General Statutes § 8-8 (b), as amended by Public Acts 1988, No. 88-79, now provides: "Notice of such appeal shall be given by leaving a true and attested copy thereof with, or at the usual place of abode of, the chairman or clerk of said board, and by serving a true and attested copy upon the

The Supreme Court has recently had occasion to reexamine its holdings in *Simko I* and *Simko II* in light of the legislature's most recent pronouncement on this issue. In *Capalbo* v. *Planning & Zoning Board of Appeals,* 208 Conn. 480, 486–87, 547 A.2d 528 (1988), the court acknowledged that the legislature's intent in amending § 8-8 (b) was to save zoning appeals otherwise subject to dismissal on *Simko* grounds. The court examined the validating act and enunciated the four conditions that must be satisfied to save an otherwise invalid appeal. Under this four-prong test, the appeal (1) must have been taken on or after October 1, 1985, (2) prior to December 1, 1987, (3) a final judgment must have been rendered prior to April 20, 1988, the effective date of the act, and (4) "the appeal must be otherwise valid except that the appellant failed to name the clerk of the municipality as a necessary party to the appeal." *Capalbo* v. *Planning & Zoning Board of Appeals,* supra, 485. The appeal in this case readily meets the first three requirements under the *Capalbo* test.[5] The plaintiff's compliance with the fourth condition is, however, less evident because the court in *Capalbo* did not specifically address the issue of the effect of the validating act on appeals that do not properly name the chairman or clerk of the board as a necessary party.

clerk of the municipality, *provided service upon the clerk of the municipality shall be for the purpose of providing additional notice of such appeal to said board and shall not thereby make such clerk a necessary party to such appeal.* The appeal shall state the reasons upon which it has been predicated and shall not stay proceedings upon the decision appealed from, but the court to which such appeal is returnable may, on application, on notice to the board and on cause shown, grant a restraining order." (Emphasis added.)

[5] At oral argument, the board conceded that the plaintiff's failure to cite the clerk of the municipality as a necessary party would be saved by Public Acts 1988, No. 88-79, and the Supreme Court's holding in *Capalbo,* provided we find that service with respect to the chairman of the board is otherwise valid.

Even though the court in *Capalbo* did not decide this question, we are convinced that implicit in the Supreme Court's recent decisions in this area, and explicit in the language of Public Acts 1988, No. 88-79, is the intention to validate also zoning appeals that fail to name the chairman or clerk of the zoning board of appeals as a necessary party but that otherwise provide adequate service and notice of the appeal to the board. Our analysis of this issue begins with an examination of Public Acts 1988, No. 88-79, the General Assembly's most recent statement on this issue.

Much of the debate with respect to the issue of who is a necessary party for the purposes of a zoning appeal centered around whether the clerk of the municipality and the clerk of the board were necessary parties to a zoning appeal or mere agents for service on the municipality and board. *Simko I,* supra, 421–23 (*Shea, J.,* dissenting); *Simko II,* supra, 383–91 (*Shea, J.* and *Covello, J.* dissenting). When *Simko I* and *Simko II* were decided, General Statutes § 8-8 (b), as amended by Public Acts 1985, No. 85-284, § 3, directed whom to serve but did not specify who was to be named as a necessary party. The court interpreted the statute to require those to be served, namely, the chairman or clerk of the board and the clerk of the municipality, to be named as necessary parties. In *Simko II,* supra, 378, the majority stated: "Further, § 8-8 (b) does not say that notice of such appeal shall be given to the *zoning board* by serving or leaving true and attested copies of the appeal with the chairman or clerk of the board and the clerk of the municipality. Language to that effect would undoubtedly have made the clerk of the municipality the mere agent for service for the board." (Emphasis in original.)

We read the recent amendment to General Statutes § 8-8 (b), Public Acts 1988, No. 88-79, to clear up the ambiguity in the former statute of who is the neces-

sary party for the purpose of a zoning appeal. The statute now states that "service upon the clerk of the municipality shall be for the purpose of providing additional notice of such appeal *to said board* . . . ." (Emphasis added.) "When the legislature amends the language of a statute, it is presumed that the legislature intended to change the meaning of the statute; *Shelton* v. *Commissioner,* 193 Conn. 506, 513, 479 A.2d 208 (1984); and to accomplish some purpose." *Simko II,* supra, 377. We conclude that the legislature's inclusion of the phase "to said board" was intended to clarify that the zoning board is the necessary party for purposes of a zoning appeal and that the purpose of the notice provisions of General Statutes § 8-8 (b), as amended, is to notify the board through its agent, the clerk or chairman of the board, and in addition, through the clerk of the municipality.

This result is supported by recent decisions of the Supreme Court. In *Capalbo* v. *Planning & Zoning Board of Appeals,* supra, 489, the court adopted a "functional approach" to determining what constitutes an appeal that is "otherwise valid except that the appellant failed to name the clerk of the municipality as a party to the appeal," pursuant to General Statutes § 8-8 (b), as amended by Public Acts 1988, No. 88-79. Applying this functional approach to the facts of that case, the court validated an appeal in which the town clerk received a copy of the appeal but was neither cited as a party nor named for the purpose of directing proper service.

A similar practical result was reached in *Schwartz* v. *Planning & Zoning Commission,* 208 Conn. 146, 543 A.2d 1339 (1988). In *Schwartz,* the court found legally sufficient service was rendered when the citation, although not naming the town clerk as a party, directed the sheriff to serve, with true and attested copies of the complaint, both the clerk of the town and the chair-

man or clerk of the board. The record disclosed that the sheriff did, in fact timely serve both the town clerk and chairman of the commission. Id., 150–51; see also *Ilvento* v. *Frattali,* 210 Conn. 432, 433–34, 555 A.2d 985 (1989) (appeal taken pursuant to General Statutes § 8-28 [a] validated where the appellant cited the commission and the sheriff served the clerk of the board even though the appellant failed to cite or direct service upon the chairman or clerk of the commission).

The present case is almost identical to *Schwartz.* Here, the plaintiff named the zoning board of appeals and Robert Stosse as necessary parties but did not similarly name the chairman or clerk of the board or the town clerk. The citation directed the sheriff to serve true and attested copies of the appeal on both the town clerk of Branford and the chairman or clerk of the zoning board. The return of service reveals that both the town clerk and the chairman of the zoning board were properly and timely served.

In light of the legislature's recent amendment to General Statutes § 8-8 (b) and the purpose of that amendment, as revealed by its legislative history, to validate zoning appeals with *Simko* problems, and in the spirit the Supreme Court's adoption of a "functional approach" to validating zoning appeals otherwise subject to dismissal under *Simko I* and *Simko II,* we conclude that the manner of service in this case was legally sufficient. It is now abundantly clear that when the legislature enacted Public Acts 1988, No. 88-79, it "clearly expressed an intention that appeals from the decisions of planning and zoning commissions be heard and decided on their merits and not be invalidated for technical defects in service." *Ilvento* v. *Frattali,* supra, 434.

## II

We now turn to the merits of the plaintiff's appeal. The plaintiff's first claim, which is dispositive of this

appeal, is that the trial court erred in finding that the record revealed sufficient evidence of hardship as required by General Statutes § 8-6.[6]

" 'A local zoning board has the power to grant a variance under General Statutes § 8-6 (3) where two basic conditions are satisfied: "(1) the variance must be shown not to affect substantially the comprehensive zoning plan, and (2) adherence to the strict letter of the zoning ordinance must be shown to cause unusual hardship unnecessary to the carrying out of the general purpose of the zoning plan." *Smith* v. *Zoning Board of Appeals,* 174 Conn. 323, 326, 387 A.2d 542 (1978).' *Whittaker* v. *Zoning Board of Appeals,* 179 Conn. 650, 655, 427 A.2d 1346 (1980). (Footnote omitted.)" *Grillo* v. *Zoning Board of Appeals,* 4 Conn. App. 205, 208, 493 A.2d 275 (1985). The zoning board's action must be "reasonably supported by evidence in the record." *Smith* v. *Zoning Board of Appeals,* supra, 326. The

---

[6] "[General Statutes] Sec. 8-6. POWERS AND DUTIES OF BOARD OF APPEALS. The zoning board of appeals shall have the following powers and duties: (1) To hear and decide appeals where it is alleged that there is an error in any order, requirement or decision made by the official charged with the enforcement of this chapter or any bylaw, ordinance or regulation adopted under the provisions of this chapter; (2) to hear and decide all matters including special exceptions and special exemptions under section 8-2g upon which it is required to pass by the specific terms of the zoning bylaw, ordinance or regulation; and (3) to determine and vary the application of the zoning bylaws, ordinances or regulations in harmony with their general purpose and intent and with due consideration for conserving the public health, safety, convenience, welfare and property values solely with respect to a parcel of land where, owing to conditions especially affecting such parcel but not affecting generally the district in which it is situated, a literal enforcement of such bylaws, ordinances or regulations would result in exceptional difficulty or unusual hardship so that substantial justice will be done and the public safety and welfare secured, provided that the zoning regulations may specify the extent to which uses shall not be permitted by variance in districts in which such uses are not otherwise allowed. No such board shall be required to hear any application for the same variance or substantially the same variance for a period of six months after a decision by the board or by a court on an earlier such application."

plaintiff claims that the record is devoid of any evidence that the "unusual hardship" requirement was met. As a basis for hardship, Stosse relies on the fact that, in 1977, the board found hardship and granted him a variance on the same property.[7] We agree with the plaintiff.

Because the board did not furnish its reasons for granting the variance, it was necessary for the trial court to search the record to find some basis for the action taken. *Ward* v. *Zoning Board of Appeals*, 153 Conn. 141, 144, 215 A.2d 104 (1965). If no reason is found, the board's decision cannot be sustained. Id. The trial court, in sustaining the board's decision to grant the variance, relied on the board's consideration of the 1977 variance. The record does not disclose, however, that the board considered the prior 1977 variance as the basis for its action, and, even if it had, this fact alone is insufficient to meet the stringent requirements for establishing hardship.

It is well settled that the granting of a variance must be reserved for unusual or exceptional circumstances. *Ward* v. *Zoning Board of Appeals*, supra, 145. Proof of hardship is a condition precedent to granting a variance. *Point O' Woods Assn., Inc.* v. *Zoning Board of Appeals*, 178 Conn. 364, 365, 423 A.2d 90 (1979). The hardship must " 'arise from circumstances or conditions beyond the control of the property owner.' " *Pollard* v. *Zoning Board of Appeals*, 186 Conn. 32, 39, 438 A.2d 1186 (1982), quoting *Smith* v. *Zoning Board of Appeals*, 174 Conn. 323, 327, 387 A.2d 542 (1978). "Where the claimed hardship arises from the applicant's voluntary act, however, a zoning board lacks the power to grant a variance. . . . The hardship which

---

[7] Stosse did not, either in his appellate brief or at the hearing before the board, pursue his initial reason for hardship, that he could not take care of his property. We therefore consider this claim abandoned.

justifies a board of zoning appeals in granting a variance must be one that originates in the zoning ordinance . . . and arises directly out of the application of the ordinance to circumstances beyond the control of the party involved." (Citations omitted.) Id., 39–40. It is well established that a hardship that is self-created is never a proper grounds for a variance. Id.

Stosse's stated reason for applying for this variance of the town's frontage requirements was that he wanted to subdivide his property into two lots. Absent the variance, he will not be able to subdivide his property. This situation is self-created and, therefore, not a sufficient reason to depart from the zoning regulations. Furthermore, the fact that he obtained a variance more than ten years ago for property that was four times the size and subsequently subdivided is not sufficient reason to grant a variance. See *Ward* v. *Zoning Board of Appeals,* supra (fact that another variance was granted for sixteen neighboring parcels not sufficient to establish hardship).

Because this issue is dispositive, we need not consider the other claims raised by the plaintiff on appeal.

There is error, the judgment is set aside and the case is remanded with direction to render judgment sustaining the plaintiff's appeal.

In this opinion the other judges concurred.