[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal by the plaintiff Stanley Sack of the defendant Zoning Board of Appeals' February 27, 1989 decisions (1) upholding the actions of the zoning enforcement officer in issuing a stop work order and denying a building permit for construction being performed on plaintiff's property; and (2) denying plaintiff's requests for certain variances to construct a deck on the rear of plaintiff's house and to construct an enclosed porch on the southwest corner of CT Page 2790 plaintiff's house.
On December 20, 1988, the Old Lyme zoning enforcement officer issued a stop work order directing the immediate cessation of construction on plaintiff's property located at 51 Springfield Road which was being done without a permit. Thereafter, Lawrence J. DeMaine, Jr., plaintiff's contractor and agent, applied for the required building permit and zoning compliance certificate (ROR Item (m).). The zoning enforcement officer denied the permit, instructing the plaintiff that he needed to obtain variances. The plaintiff then filed an application with the defendant Zoning Board of Appeals appealing the zoning enforcement officer's decision and seeking variances to, inter alia, construct a deck on the west side of the house and construct a porch on the southwest corner of the house. (ROR Item (a).)
A public hearing on plaintiff's application was held on February 21, 1989. Notice of the public hearing was duly published in accordance with applicable law.
On February 27, 1989, the Zoning Board of Appeals held an "open voting session," at which it, inter alia, upheld the zoning enforcement officer's decision and denied the aforesaid variances. Notice of this decision was duly published.
The plaintiff commenced this appeal on March 24, 1989 by causing it to be served on the chairperson of the Zoning Board of Appeals and the town clerk.
Aggrievement is a prerequisite to maintaining an appeal. See Smith v. PZB, 203 Conn. 317, 321 (1987). The plaintiff, based on a certified copy of a warranty deed from Ruth Dobkin to Stanley Sack, which was submitted as evidence to this Court, is found to be the owner of the property. As the owner of the property that is the subject of the agency's decision, the plaintiff is aggrieved and entitled to bring this appeal. See Bossert Corp. v. Norwalk, 157 Conn. 279, 285
(1968).
This appeal presents the following two issues: (1) whether it was unreasonable, arbitrary or illegal for the Zoning Board of Appeals to conclude that the plaintiff needed variances in order to construct the subject deck and enclosed porch; and (2) whether it was unreasonable, arbitrary or illegal for the Zoning Board of Appeals to deny the plaintiff's requests for variances.
"Zoning boards of appeal are entrusted with the CT Page 2791 function of deciding, within prescribed limits and consistent with the exercise of a legal discretion, whether a regulation applies to a given situation, and the manner of its application." Molic v. ZBA, 18 Conn. App. 159, 165 (1989), citing Connecticut Sand Stone Corp. v. ZBA, 150 Conn. 439,442 (1963). In reviewing the board's decision, the Court is limited to determining whether the board's action was unreasonable, arbitrary or illegal. Id. The court is not to substitute its judgment for that of the zoning board, and the decision of the local board will not be disturbed as long as honest judgment has been reasonably and fairly made after a full hearing. Stankiewicz v. ZBA, 15 Conn. App. 729, 731-32
(1988), aff'd 211 Conn. 76 (1989). The burden of proof is on the plaintiff to prove that the board acted improperly. Adolphson v. ZBA, 205 Conn. 703, 707 (1988).
The record reveals that the subject property is located in an R-10 residential zone. Pursuant to Article II, section A.2 of the zoning regulations, an R-10 zone requires minimum side yards of 12 feet and permits maximum building coverage of 25 percent.[1]
In a memorandum in support of the subject application submitted by the plaintiff's attorney to the Zoning Board of Appeals at the public hearing, the plaintiff conceded that the new deck encroaches upon the twelve foot side yard setback. (ROR Item (h).) Nevertheless, the plaintiff argued before the Zoning Board of Appeals, and argues in this appeal, that no variance is necessary because according to definitions set forth in the regulations, the setback runs between the building and the side lot line, and a deck is not a building. The plaintiff points to the following definitions. "Side yard" is defined in Article I, section C. 32 as "An open space between the building and side lot line, extending from the front yard to the rear yard. Any yard not a rear yard or a front yard shall be deemed a side yard." "Building" is defined in Article I, section 1 as "Any structure having a roof and intended for the shelter, housing or enclosure of persons, animals or materials. Any structure more than 8 feet high shall be considered as a building including a fence or a wall but excluding a public utility pole or flagpole." The plaintiff maintains that since his deck does not meet the definition of "building," it can encroach into the side yard without a variance.
The minutes of the open voting session reveal that the Zoning Board of Appeals determined that the plaintiff needed a variance of seven feet, six inches for the south end of the deck, and a variance of three feet for the north end of the deck. The Zoning Board of Appeals noted that the CT Page 2792 plaintiff's interpretation of the regulations would mean that people could cover their entire property with decks, "and that is not a common sense application."
In support of the Zoning Board of Appeals' decision that variances are necessary for the deck, the defendant in its brief points to the following provisions of Article III, section A.7: "Projection Into Open Space: Nothing in these regulations shall prohibit the projection not more than 1 foot into a required open space of pilasters, columns, belt courses sills, cornices, or other similar architectural features, nor the planting or landscaping of such open spaces "
Zoning regulations "must be construed as a whole and in such a manner as to reconcile all their provisions so far was possible." Connecticut Sand Stone Corp.,150 Conn. at 441. The unreasonableness of the result obtained by the acceptance of one possible alternative interpretation of municipal ordinances is a reason for rejecting that interpretation in favor of another which would provide a result that is reasonable. Maciejewski v. West Hartford,194 Conn. 139, 151-2 (1984).
The Court finds that it was not unreasonable or arbitrary for the defendant Zoning Board of Appeals to interpret the zoning regulations as requiring variances in order for a property owner to construct a deck that encroaches into the side yard setbacks. To interpret the regulations otherwise would lead to the unreasonable result of permitting property owners to cover their entire property, from boundary line to boundary line, with decks. Such an outcome is clearly not consistent with the purposes of zoning regulations enumerated in Connecticut General Statutes section 8-2.
Consequently, the Court concludes that the Zoning Board of Appeals' decision to uphold the decision of the zoning enforcement officer and require the plaintiff to obtain variances for the construction of the rear deck was a reasonable exercise of the Zoning Board of Appeals' discretion.
The record reveals that the "enclosed porch" on the southwest corner of plaintiff's house was built on the second floor over a pre-existing entryway in the rear of the house. Although the plaintiff's attorney initially represented that the existing footprint had not been enlarged or extended, the plaintiff testified that the original entryway had been removed due to rot and that "it might have been increased" when rebuilt. The Zoning Board of Appeals found that the CT Page 2793 original footprint had been extended and expanded. Therefore, the Zoning Board of Appeals concluded that variances were needed as to side yard setback and building coverage. (N.B. The record reveals that the house, as it existed before plaintiff's construction, covered 34.3 percent of the lot.) This decision by the defendant Zoning Board of Appeals to uphold the zoning enforcement officer's decision and require variances for the second floor porch is supported by substantial evidence on the record and is upheld.
The defendant Zoning Board of Appeals also found that even if the footprint had not been increased, the plaintiff would have needed variances as to the side yard setback for adding a second floor onto a building that is already nonconforming as to the side yard setback. Although the plaintiff's attorney argued at the public hearing that building upwards does not increase a side yard nonconformity, so long as the new second floor does not extend into the side yard any farther than the existing first floor (ROR Item (i), transcript at p. 15); this argument has not been briefed by plaintiff in this appeal and is, therefore, considered abandoned. See DeMilo v. West Haven, 189 Conn. 671, 681-82 n. 8 (1982).
The plaintiff argued before the Zoning Board of Appeals, and in this appeal, that if the Zoning Board of Appeals determined that variances were necessary in order for the plaintiff to construct the subject deck and second floor porch, the plaintiff should be granted them. However, "(i)t is well-settled that the granting of a variance must be reserved for unusual or exceptional circumstances." Aitken v. ZBA,18 Conn. App. 195, 205 (1989). Proof of hardship is a condition precedent to granting a variance." Id. A zoning board does not have the authority to grant a variance where the hardship is created by the applicant, instead of arising by virtue of the enactment of the zoning regulations. Adolphson v. ZBA,205 Conn. 703, 710 (1988). Where the hardship arises from the applicant's voluntary act; Whittaker v. ZBA, 179 Conn. 650,658 (1980); or failure to act; Farrington v. ZBA, 177 Conn. 186,189 (1979); the board lacks power to grant a variance.
The plaintiff's sole claim of hardship is that the exterior construction on his house has been completed; it was performed while he was away in Florida; and he did not know that the builder had not obtained the necessary permits. The record reflects that the builder, Lawrence J. DeMaine, Jr., signed the application for the building permit as the authorized agent for the owner (the plaintiff), and certified that the described work was authorized by the owner (the plaintiff). CT Page 2794
The Court finds that the record supports the Zoning Board of Appeals' findings that the plaintiff has failed to prove hardship resulting from the enactment of the zoning regulations, and that any "hardship" arising from the fact that the deck and porch have already been built was created by the voluntary acts or failures to act of the plaintiff or his agent. Accordingly, the Court finds that the defendant Zoning Board of Appeals' denial of the requested variances should be upheld.
For all of the foregoing reasons, the plaintiff's appeal is dismissed.
TAMBORRA, J.