[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiffs, an abutting property owner and another within one hundred feet of the subject property appeal the granting of a variance to Gary Guidone and James Montano, owners and/or developers of property known as 254-260 Welton Street, Hamden, Connecticut. The variance permits a rear yard of 6 feet where 25 feet is required pursuant to 445 of the zoning regulations and lot coverage of 35.1% where the maximum allowed pursuant to 446 of the zoning regulations is 30% coverage. The applicants proposed construction of three two-bedroom dwelling units in one structure in an R5 District, which residential district allows as a matter of right three family dwellings. The Application, contained in the Return of Record, indicates the unique hardship as "unique shape/position of existing buildings on a corner lot." CT Page 3648 The subject property contains a very old existing building.
Based upon testimony and exhibits produced at the hearing, the plaintiffs are found to be aggrieved.
Plaintiffs first contend that the newspaper notices of October 5, 1990 and October 11, 1990, did not properly set forth the notice of the proposed action because, unlike other notices published at the same time, the notice for the instant variance did not describe the proposed use or building but only described the variance sought.
"Compliance with prescribed notice requirements is a prerequisite to a valid action by a zoning board of appeals and failure to give proper notice constitutes a jurisdictional defect. (citations omitted). The fundamental reason for the requirement of notice is to advise all affected parties of their opportunity to be heard and to be apprised of the relief sought. (citation omitted)." Wright v. ZBA, 174 Conn. 488, 491 (1978).
A review of the newspaper notices contained in the Return of Record indicates that the notices set forth the address of the property, applicant and owners names and notice that a variance is sought to the two pertinent sections of the regulations with the further notice "to reduce the rear yard footage from 25 ft to 6 ft and to increase the lot coverage from 30% to 35.1%.
Considering the nature of the variance sought, these newspaper notices adequately advised the affected parties of an opportunity to be heard and apprised them of the relief requested.
The plaintiffs' second contention is that the applicant failed to prove hardship as evidenced by the record.
 "A variance is an authorization obtained from the zoning board of appeals to use property in a manner otherwise forbidden by the zoning regulations. Grillo v. Zoning Board of Appeals, 206 Conn. 362, 372, 537 A.2d 1030 (1988). For a variance to be granted under General Statutes 8-6
(3), two conditions must be fulfilled: (1) the variance must be shown not to affect substantially the comprehensive zoning plan; and (2) adherence to the strict letter of the zoning ordinance must be shown to cause unusual hardship unnecessary to the carrying out of the general purpose of the zoning plan. Smith v. Zoning Board of Appeals, 174 Conn. 323, 326, 387 A.2d 542 (1978). The zoning board's action must be reasonably supported by evidence in the record. Smith v. Zoning Board CT Page 3649 of Appeals, supra, 326; Aitken v. Zoning Board of Appeals, 18 Conn. App. 195, 204, 557 A.2d 1265
(1989). The hardship must be different in kind from that generally affecting properties in the same zoning district. Smith v. Zoning Board of Appeals, supra, 324. It is well settled that the granting of a variance must be reserved for unusual or exceptional circumstances. Proof of hardship is a condition precedent to granting a variance. Point O'Woods Assn., Inc. v. Zoning Board of Appeals, 178 Conn. 364, 365, 423 A.2d 90
(1979). The hardship must "`arise from circumstances or conditions beyond the control of the property owner." Pollard v. Zoning Board of Appeals, 186 Conn. 32, 29, 438 A.2d 1186 (1982)" (underlines added)
Kelly v. Zoning Board of Appeals, 21 Conn. App. 549, 597-598
(1990).
With respect to the first criteria, the Record reflects that three family units are permitted as a matter of right in the subject zone and that the use is consistent with the neighborhood with three and four family homes in the immediate area. (T. p. 5). The variance does not substantially affect the comprehensive zoning plan.
With respect to the second criteria, the Board had before it information from Applicant, Al Savarese, a civil engineer and land surveyor that ". . . the hardship that I stated . . . it's a combination of the geometry of the lot, a corner lot, and the placement — — — position of the existing buildings on the site." (T. p. 24). Based upon facts presented to the Board, accompanied by a Plot Plan and Site Plan, the Board had before it information that applicant had a corner lot with an existing very old building coupled with the slope of the lot and considerations for parking and traffic flow on a one-way street.
"A hardship resulting from the peculiar topography or condition of the land or a particular location which makes the property unsuitable for the use permitted in the zone in which it lies may well be such a hardship as is contemplated by the ordinance." Plumb v. ZBA, 141 Conn. 595, 601 (1957).
There was sufficient reason for the Board to find that adherence to the strict letter of the zoning ordinance would cause unnecessary unusual hardship.
". . . (d)ecisions of zoning authorities are to be overruled only when it is found that they have not acted fairly, with proper CT Page 3650 motives, and upon valid reasons. . . . A court is without authority to substitute its own judgment for that vested by the statutes in a zoning authority. (citation omitted)" Goldreyer v. Board of Zoning Appeals, 144 Conn. 641, 646 (1957).
Accordingly, the appeal is dismissed.
Stuart M. Schimelman, Judge