[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs, Thomas H. Johnston, et al, abutting landowners of the subject property, appeal pursuant to Connecticut General Statutes Section 8-8 from a decision by the defendant Zoning Board of Appeals of the Town of Waterford (hereinafter "ZBA") granting a frontage variance to defendant Lora L. Page (hereinafter "Page").
Page's property is located at 5 Pepperbox Road, Waterford, Connecticut (RR #3) and is shown as parcel 39 on assessor's map no. 51 for the Town of Waterford. (RR #9) The property is situated in an R-20 zoning district as shown on the Town of Waterford zoning map. (RR #11) In an R-20 zone pursuant to Section 4.3 of the Town of Waterford Zoning Regulations, lots are required to have 85 feet of frontage on a public street. (RR #10, p. 4-2)
On February 9, 1989, Page filed an application (#89-29) requesting an 8-foot frontage variance. (RR #3) At the time Page filed the application, a two-story frame residence was located on the property. (RR #8) Page proposed to split the single lot into two to create a building lot which would be built on as a rear lot designated Lot 2 on the boundary survey map. (RR Transcript, p. 1; RR #8) The two lots would meet all the zoning regulations of R-20 except for the requested frontage variance of eight linear feet. (RR Transcript, p. 1) In the application, Page claimed the hardship to be that because of a divorce, she can no longer maintain the entire parcel at 5 Pepperbox Road. (RR #3)
On April 6, 1989, the ZBA held a public hearing wherein Page's application for the variance was considered by the Board. (Minutes of Meeting, RR #4; RR Transcript.) Notice of this hearing was published in The Day on March 23 and March 30, 1989. (RR #2) At the public hearing, testimony was presented in support of and in opposition to this application. (RR Transcript) A decision on the application was tabled until a special meeting to be held on April 11, 1989 (RR #4).
At the special meeting on April 11, 1989, the ZBA voted to grant the variance by a vote of four in favor and one in opposition. (RR #5, p. 3) The ZBA's reason for granting the CT Page 4806 application was the following:
(1) Lots are both conforming lot sizes.
(2) Frontage requested is minimal.
(3) Better utilization of the land.
(RR #5, p. 3) Notice of the ZBA's decision was published in The Day on April 18, 1989 (RR #6) and a letter was sent to William Kent who represented Page at the April 6, 1989 public hearing informing him of the ZBA's decision. (RR #7)
On April 28, 1989, the plaintiffs filed this appeal with the Superior Court of New London at New London claiming that the ZBA, in granting the application for the variance for Page, "acted unlawfully, in excess of its authority, erroneously, arbitrarily, capriciously, and in abuse of its discretion." (See Complaint) The plaintiffs have filed a memorandum of law in support of the appeal and Page has filed a memorandum in opposition. The ZBA adopted Page's memorandum in full.
In order to take advantage of a statutory right to appeal from a decision of an administrative agency, there must be strict compliance with the statutory provisions which created that right. Simko v. Zoning Board of Appeals,206 Conn. 374, 377 (1988). These provisions are mandatory and jurisdictional; failure to comply subjects the appeal to dismissal. Id. Connecticut General Statutes Section 8-10
(rev'd to 1989) provides that appeals may be taken to the superior court in accordance with sections 8-8 and 8-9.
Aggrievement is a prerequisite to maintaining an appeal. Smith v. Planning and Zoning Board, 203 Conn. 317, 321
(1987). Any person owning land which abuts or is within a radius of one hundred feet of the land involved in any decision of a zoning board are statutorily aggrieved and have standing to appeal the zoning board's decision. Smith,203 Conn. at 321; Connecticut General Statutes Section 8-8 (a) (rev'd to 1989). At the hearing held on February 6, 1991, the plaintiffs submitted evidence that their property abuts the property for which Page seeks the variance. As abutting owners, the plaintiffs are aggrieved.
A person aggrieved by a decision of the board "may, within fifteen days from the date when notice of such decision was published in a newspaper. . . take an appeal to the superior court. . . ." Connecticut General Statutes Section 8-8 (a) (rev'd to 1989). Notice of the ZBA's decision was published on April CT Page 4807 18, 1989. (RR #6). The defendants having been served on April 25, 1989 and the appeal filed on April 28, 1989, the appeal was timely taken.
A trial court may not substitute its judgment for that of the board. Whittaker v. Zoning Board of Appeals,179 Conn. 650, 654 (1980). "(T)he trial court reviews the record before the board to determine whether it has acted fairly or with proper motives or upon valid reasons." Adolphson v. Zoning Board of Appeals, 205 Conn. 703, 707 (1988). The court should not disturb the board's decision unless the court determines that the agency has acted illegally, arbitrarily or in abuse of its discretion. Stankiewicz v. Zoning Board of Appeals, 15 Conn. App. 729, 737 (1988), aff'd, 211 Conn. 76
(1989). The burden of proof is on the plaintiffs to demonstrate that the board acted improperly. Adolphson,205 Conn. at 707.
Connecticut General Statutes Section 8-6 (3) provides in relevant part that the ZBA shall have the following powers and duties:
 to determine and vary the application of the zoning bylaws, ordinances or regulations in harmony with their general purpose and intent and with due consideration for conserving the public health, safety, convenience, welfare and property values solely with respect to a parcel of land where, owing to conditions especially affecting such parcel but not affecting generally the district in which it is situated, a literal enforcement of such bylaws, ordinances or regulations would result in exceptional difficulty or unusual hardship so that substantial justice will be done and the public safety and welfare secured. . . .
Connecticut General Statutes Section 8-6 (3) (rev'd to 1989) (emphasis added). The Town of Waterford Zoning Regulations track this language in Section 27.2.3.
Connecticut General Statutes Section 8-7 provides in pertinent part that "(w)henever a zoning board of appeals grants or denies any. . .variance. . . , it shall state upon its records the reason for its decision. . .and, when a variance is granted, describe specifically the exceptional difficulty or unusual hardship on which its decision is based." Connecticut General Statutes Section 8-7 (rev'd to 1989). "Although it is CT Page 4808 desirable for a zoning authority to state the grounds for granting a variance and the failure to do so renders the court's review more cumbersome, it does not preclude the court from upholding the board's decision." Stankiewicz v. Zoning Board of Appeals, 15 Conn. App. 729, 732 (1988), aff'd,211 Conn. 76 (1989). "If the board fails to give the reasons for its actions, or if its reasons are inadequate, the trial court must search the record to determine whether a basis exists for the action taken." Id.
The ZBA gave the following reasons for granting the variance:
(1) Lots are both conforming lot sizes.
(2) Frontage requested is minimal.
(3) Better utilization of the land.
(RR #5, p. 3)
The ZBA, not having specified the exceptional difficulty or unusual hardship on which its decision was based, the Court may search the record to discern whether a basis exists for the ZBA's action.
The plaintiffs claim that the record revealed insufficient evidence of hardship as required by Connecticut General Statutes Section 8-6 and Section 27.2.3 of the Town of Waterford Zoning Regulations. The authority of a ZBA to grant a variance under Connecticut General Statutes Section 8-6 (3) requires the fulfillment of two conditions: "(1) the variance must be shown not to affect substantially the comprehensive zoning plan; and (2) adherence to the strict letter of the zoning ordinance must be shown to cause unusual hardship unnecessary to the carrying out of the general purpose of the zoning plan." Grillo v. Zoning Board of Appeals, 206 Conn. 362,368 (1988). Plaintiffs contend that the "unusual hardship" requirement was not met and do not claim that the variance would have an adverse effect on Waterford's comprehensive zoning plan.
The record reflects that in Page's application for the variance, she claimed hardship and stated that "(d)ue to divorce, (Page) can no longer maintain the entire parcel at 5 Pepperbox Road." (RR #3) Similarly, the transcript of the public hearing held on April 6, 1989, reflects that William F. Kent, as Page's representative, stated that "Lora is now divorced, she has four kids, she lives in this house at 5 Pepperbox Road right now with the four kids, and the CT Page 4809 maintenance of this particular lot is indeed a hardship to her, and that is the hardship she is using for you people to grant this variance." (RR Transcript, p. 1)
The transcript also reflects that in response to the question as to whether the hardship claim is that Page can no longer maintain the entire parcel, Kent responds:
 Right, if you look at this particular parcel in the field, the house and the surrounding area there is a garden behind the garage and that is like a neat line in all the area toward the road is quite well kept the law is mowed etc., etc. Everything to the rear or to the north of that garden is completely overgrown, there is a lot of brush that type of thing and it has kind of one little patch meandering through it so its basically unused and unkept, so obviously she would certainly have a problem maintaining that lot in conjunction with the neighbors in the area, most of the neighbors in this area have well maintained lawns and pretty well kept areas. I think this would do a service to Lora to relieve her of any of that responsibility and yet it would also help to dress up that area.
(RR Transcript, p. 2)
The granting of a variance must be reserved for exceptional or unusual circumstances. Aitken v. Zoning Board of Appeals, 18 Conn. App. 195, 205 (1989), citing Ward v. Zoning Board of Appeals, 153 Conn. 141, 145 (1965).
 The hardship must arise from circumstances or conditions beyond the control of the property owner. Where the claimed hardship arises from the applicant's voluntary act, however, a zoning board lacks the power to grant a variance. . . . The hardship which justifies a board of zoning appeals in granting a variance must be one that originates in the zoning ordinance. . . and arises directly out of the application of the ordinance to circumstances beyond the control of the party involved. It is well established that a hardship that is self-created is never a proper grounds for CT Page 4810 a variance.
Aitken, 18 Conn. App. at 205-06. (citations omitted.) "`Personal hardships, regardless of how compelling or how far beyond the control of the individual applicant, do not provide sufficient grounds for the granting of a variance."' Pollard v. Zoning Board of Appeals, 186 Conn. 32, 44 (1982), quoting Garibaldi v. Zoning Board of Appeals, 163 Conn. 235, 239-40
(1972).
As in Aitken, Page's reason for applying for this variance of the frontage requirements was that she wanted to subdivide this property and form two lots. (RR Transcript, p. 1; RR #8). "This situation is self-created and, therefore, not a sufficient reason to depart from the zoning regulations." Aitken, 18 Conn. App. at 206.
The evidence in this case reveals a personal hardship that is self-created and not a proper grounds for a variance. Even were this hardship to be considered a financial hardship, the court has stated that "(d)isadvantage in property value of income, or both, to a single owner of property, resulting from application of zoning restrictions, does not, ordinarily, warrant relaxation in (a person's) favor on the ground of practical difficulty or unnecessary hardship. " Grillo, 206 Conn. at 369.
 Financial considerations are relevant only in those exceptional situations where a board could reasonably find that the application of the regulations to the property greatly decreases or practically destroys its value for any of the uses to which it could reasonably be put and where the regulations, as applied, bear so little relationship to the purposes of zoning that, as to particular premises, the regulations have a confiscatory or arbitrary effect.
Id.
There is no evidence in the record to establish that the application of the regulation would greatly decrease or destroy the value of the property. Therefore, financial hardship has not been established.
In sum, the hardship asserted by Page whether personal or financial is self-created and therefore is not proper grounds upon which the ZBA may grant a variance. CT Page 4811 Furthermore, a search of the record does not reveal the type of hardship needed to support granting of a variance. Accordingly, the Court finds that the ZBA has acted illegally, arbitrarily and in abuse of its discretion in granting the variance. The appeal is sustained.
Tamborra, J.