[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from the decision of the defendant Plan and Zoning Commission (hereinafter the Commission) which granted a resubdivision application for development of two lots located off West Todd Street and Chatterton Way in the Town of Hamden. The plaintiffs appeal from that decision as abutting landowners.
On October 15, 1991, the Planning Section of the Commission approved the resubdivision application. The plaintiffs claim that the resubdivision application failed to satisfy the applicable requirements of the statutes and the Hamden zoning regulations dealing with soil erosion and sediment control plans and that the evidence presented by the applicant failed to demonstrate that the lots in question can be used for building purposes without danger to the plaintiff's property. CT Page 9394
The plaintiffs own and live in a house at 155 West Todd Street in Hamden bounded on the north by a town road known as Chatterton Way. This property was purchased by the plaintiffs in 1984. Approximately half of the plaintiffs' property is covered by a pond and the plaintiffs' house sits at the very edge of the pond. (See plaintiffs' exhibit B and document 30 of the Record on Appeal.) The pond on the plaintiffs' property is fed by Jepps Brook, which runs across the westerly side of the two lots.
It is clear that the plaintiffs as abutting owners of land are "aggrieved" as a matter of law. Section 8.8(a) of the General Statutes provides that "any person owning land which abuts or is within a radius of one hundred feet of any portion of the land involved in any decision of said board . . . may . . . take an appeal to the superior court." The plaintiffs have the necessary statutory standing to appeal. Aitken v. Zoning Board of Appeals, 18 Conn. App. 195 (1989); Fuller v. Planning and Zoning Commission, 21 Conn. App. 340 (1990).
On a zoning appeal, the court will not disturb the decision of the Commission if it is reasonably supported by the record. Burnham v. Planning and Zoning Commission, 189 Conn. 261,265 (1983). The courts do not substitute their judgment for that of the local authority. Raybestos-Manhattan, Inc. v. Planning and Zoning Commission, 186 Conn. 466, 468 (1982). The court may grant relief only where the local authority has acted illegally or arbitrarily or has abused its discretion. Id. at 470. Plaintiffs have the burden of proof to demonstrate that the Commission acted improperly. Adolphson v. Zoning Board of Appeals, 205 Conn. 703, 707 (1988).
Section 22a-325 through 22a-329 of the General Statutes sets forth the soil erosion and sediment control act. Section 22a-327(5) of the General Statutes defines a "soil erosion and sediment control plan" and section 22a-329 of the General Statutes, more particularly (2), requires that such a soil erosion and sediment control plan be submitted with any application for development when the disturbed area of such development is more than one half acre as would be the case in this instance. The plaintiffs claim that the plan submitted by the applicant (document 42 of the Record on Appeal) does not satisfy the requirements of the statute.
CT Page 9395 Section 22a-327(5) provides as follows:
 "Soil erosion and sediment control plan" means a scheme that minimizes soil erosion and sedimentation and includes, but is not limited to, a map and narrative. The map shall show topography, cleared and graded areas, proposed area alterations and the location of and detailed information concerning erosion and sediment measures and facilities. The narrative shall describe the project, the schedule of major activities on the land, the application of conservation practices, design criteria, construction details and the maintenance program for any erosion and sediment control facilities that are installed;
Section 663 of the Hamden zoning regulations sets forth the requirements for a soil erosion and sediment control plan and provides, in part, as follows:
 . . . [A] soil erosion and sediment control plan shall contain proper provisions to adequately control accelerated erosion and sedimentation and reduce danger from storm water runoff on the proposed site based on the best available technology. Such principles, methods and practices necessary for certification are found in the Connecticut Guidelines for Soil Erosion and Sediment Control (1985) as amended.
 Said plan shall be submitted in six copies and shall contain, but not be limited to:
 a. A narrative describing the development; a schedule for grading and construction activities including start and completion dates, sequence of grading and construction activities, sequence for installation and/or application of soil erosion and sediment control measures; and the sequence for final stabilization of the project site. CT Page 9396
 b. The design criteria, construction details, installation and/or application procedures, and operations and maintenance program for proposed soil erosion and sediment control measures and storm water management facilities.
c. A site map showing:
 c. 1 The location of the proposed development and adjacent properties;
 c. 2 The existing and proposed topography including soil types, wetlands, watercourses and water bodies;
 c. 3 The existing and proposed structures on the site;
 c. 4 The proposed area alterations including cleared, excavated, filled or graded areas, proposed utilities, roads and, if applicable, new property lines;
 c. 5 The location of and design details for all proposed soil erosion and sediment control measures and storm water management facilities;
 c. 6 The sequence of grading and construction activities;
 c. 7 The sequence for installation and/or application of soil erosion and sediment control measures;
 c. 8 The sequence for final stabilization of the development site.
d. Any other information deemed necessary CT Page 9397 and appropriate by the applicant or requested by the Commission or its designated agent. (Sec. 663)
 The Commission or its designated agent may certify a Soil Erosion and Sediments Control Plan on a finding that it complies with the following minimum standards:
 a. Plans for soil erosion and sediment control shall be developed in accordance with these regulations using the principles as outlined in Chapters 3 and 4 of the Connecticut Guidelines for Soil Erosion and Sediment Control (1985) as amended.
 b. The minimum standards for individual measures are those in the Connecticut Guidelines for Soil Erosion and Sediment Control (1985) as amended.
While the defendant Commission approved the application with conditions (document 37, pgs. 4 and 5 of Record on Appeal), these conditions do not satisfy the requirements of section 663 of the Hamden Zoning Regulations and section22a-327(5) of the General Statutes. The plan submitted did not contain provisions "based on the best available technology" to "adequately control accelerated erosion and sedimentation and reduce danger from storm water runoff." It did not contain a "narrative" of the work to be performed. It did not include any provisions "to effectively accommodate the increased runoff by changes in soil and surface conditions" as required by section 4.10, paragraph e of the Hamden Land Subdivision Regulations. It did not show that the land could be used without danger of flooding to abutting owner as provided by section 1.1 of the Hamden Land Subdivision Regulations.
In approving the subdivision application the Commission has failed to consider the requirements of the municipal regulations and the general statutes. The plaintiffs' appeal is sustained.
EDGAR W. BASSICK, III, JUDGE CT Page 9398