[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from the decision of the defendant Zoning Board of Appeals dated June 6, 1995, denying the plaintiff's application for a variance to permit up to five employees at one time in addition to the resident to work in a home occupation in a Residence AA zone. The appeal is brought pursuant to the provisions of § 8-8 (b) of the General Statutes which provides, in part, as follows:
"(b) Except as provided in subsections (c) and (d) of CT Page 5496-EEE this section and section 7-147 and 7-147i, any person aggrieved by any decision of a board may take an appeal to the superior court for the judicial district in which the municipality is located."
The plaintiffs are the owners of the premises known as 174 Post Road West in Westport, Connecticut. Pursuant to the zoning regulations of the town of Westport, the plaintiffs applied to the defendant Zoning Board of Appeals of the Town of Westport for a variance of section 11-2.4.6 of said regulations to allow up to five (5) employees at one time, in addition to the resident, to work in a home occupation in a Residence AA Zone.
Subsection (d) of section 11-2.4.6 of the zoning regulations provides, in part, as follows:
 (d) Employee — no more than one (1) full-time or part-time, person at one time shall be permitted in addition to the one principal resident person conducting the use.
Section 11-2.4.6 defines Customary Home Occupations which is defined in section 5 of the Westport Zoning Regulations as follows: "An accessory use customarily conducted entirely within a principal dwelling, carried on by one resident thereof, which use is individual and subordinate to the residential use of the dwelling."
It is clear that the plaintiffs as the owners of the land for which the application was filed are "aggrieved" as a matter of law. The plaintiff Philip Ross has testified that he and his brother are the owners of the premises and the court has already ruled that they are aggrieved persons for purposes of the statute. The plaintiffs have the necessary standing to appeal.Aitken v. Zoning Board of Appeals, 18 Conn. App. 195 (1989);Fuller v. Planning and Zoning Commission, 21 Conn. App. 340
(1990).
On a zoning appeal, the court will not disturb the decision of the Board if it is reasonably supported by the record. Burnhamv. Planning Zoning Commission, 186 Conn. 466, 468 (1982). The court may grant relief only where the local authority has acted illegally, arbitrarily, or abused its discretion. Id. at 470. Plaintiffs have the burden of proof to demonstrate that the Board acted improperly. Adolphson v. Zoning Board of Appeals, 205 Conn. 703, CT Page 5496-FFF 707 (1988).
"The power to grant a variance must be exercised sparingly."Gregorio v. Zoning Board of Appeals, 155 Conn. 422, 427 (1967). "An applicant for a variance must show that, because of some peculiar characteristic of his property, the strict application of the zoning regulations produces an unusual hardship as opposed to the general impact which the regulation has on other properties in the same zone." Belknap v. Zoning Board of Appeals,155 Conn. 380, 383 (1967); Berlani v. Zoning Board of Appeals,160 Conn. 166, 170 (1960).
In the instant case, the plaintiffs seek a variance allowing their tenant to have additional employees in a home business. They have failed to demonstrate that there is anything peculiar about their property which makes the application of one employee limitation inappropriate for their property.
The following language from the case of Kelly v. Zoning Boardof Appeals, 21 Conn. App. 594 at 597, 598 (1990), is applicable in this case:
 A variance is an authorization obtained from the zoning board of appeals to use property in a manner otherwise forbidden by the zoning regulations. Grillo v. Zoning Board of Appeals, 206 Conn. 362, 372, 537 A.2d 1030
(1988). For a variance to be granted under General Statutes § 8-6 (3), two conditions must be fulfilled: (1) the variance must be shown not to affect substantially the comprehensive zoning plan; and (2) adherence to the strict letter of the zoning ordinance must be shown to cause unusual hardship necessary to the carrying out of the general purpose of the zoning plan. Smith v. Zoning Board of Appeals, 174 Conn. 323, 326, 387 A.2d 542
(1978). The zoning board's action must be reasonably supported by evidence in the record. Smith v. Zoning Board of Appeals, supra, 326; Aitken v. Zoning Board of Appeals, 18 Conn. App. 195, 204, 557 A.2d 1265 (1989). The hardship must be different in kind from that generally affecting properties in the same zoning district. Smith v. Zoning Board of Appeals, supra, 324. It is well settled that the granting of a variance must be reserved for unusual or exceptional circumstances. Proof of hardship is a condition precedent to granting a variance. Point O' Woods Assn., Inc. v. Zoning BoardCT Page 5496-GGG of Appeals, 178 Conn. 364, 365, 423 A.2d 90 (1979). The hardship must "`arise from circumstances or conditions beyond the control of the property owner.'" Pollard v. Zoning Board of Appeals, 186 Conn. 32, 39, 438 A.2d 1186
(1982).
The burden is on the applicant to prove hardship. An examination of the record reveals no hardship. In such a case, the decision of the defendant board must be upheld. The plaintiff's appeal is, therefore, dismissed.
EDGAR W. BASSICK, III, JUDGE