HILDA BENCIVENGA *v.* ZONING BOARD OF APPEALS
OF THE CITY OF MILFORD ET AL.
(2138)
(2140)

DANNEHY, C.P.J., HULL and BORDEN, Js.

Argued May 2—decision released August 7, 1984

*Bruce L. Levin,* for the appellant (named defendant).

*James T. Brennan,* for the appellant (defendant Frank Grazioso).

*Max F. Brunswick,* with whom, on the brief, was *Sherman A. Zitomer,* for the appellee (plaintiff).

BORDEN, J. This is a zoning case in which the defendants, the Milford zoning board of appeals (board) and Frank Grazioso, appeal[1] from the judgment of the trial court sustaining the plaintiff's appeal to that court. We find no error, but on a ground somewhat different from that relied on by the trial court.

The plaintiff is the owner of property located at 28 Hawley Avenue, Milford. Grazioso owns and lives in property at 27 Hawley Avenue, across the street from the plaintiff's property. The zoning enforcement officer of Milford had issued a building permit to the plaintiff permitting her to repair the roof of the house on her property. Grazioso appealed the issuance of that permit to the board. On September 8, 1981, the board held a hearing on Grazioso's appeal, which Grazioso attended but which the plaintiff did not attend; and on November 10, 1981, the board overruled the officer's action in issuing the permit, thus sustaining Grazioso's appeal and invalidating the permit on the ground that "the property is derelict and has been abandoned." Notice of this decision was given to the plaintiff by sending her a copy of the letter which the board sent to Grazioso's attorney informing him of the decision.

The plaintiff appealed to the trial court on several grounds, one of which was in essence that she was not

---

[1] These appeals were originally filed in the Appellate Session of the Superior Court. Public Acts, Spec. Sess., June, 1983, No 83-29, § 3 (c). At the time these appeals were taken, litigants in zoning cases had an unfettered right to appeal to that court. Public Acts 1981, No. 81-416, § 3. Such appeals are now subject to a grant of certification by this court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 13.

given due notice of the September 8, 1981 meeting of the board. The case was presented to the trial court on the basis of the record returned to the court by the board and the briefs of the parties. No evidence was submitted.

The court found, on the basis of statements contained in the briefs, that the date of the hearing was published in the Milford Citizen, but that no copy of that notice was included in the record returned to the court. The court also found that the board had given Grazioso notice, by letter, of the date, time and place of the hearing, but that no such letter was sent to the plaintiff. On the basis of discovery material, which consisted of an answer to an interrogatory put to the plaintiff by Grazioso and which was contained in the court file, the court further found that the plaintiff was informed by the zoning enforcement officer that the permit was valid and that she did not have to be present at the hearing. The court concluded, on the basis of what it perceived as the differing treatment afforded Grazioso and the plaintiff as to notice of the hearing, that the plaintiff was not given "due notice" of the hearing under General Statutes § 8-7.[2]

We agree with the defendants that the court erred by considering the discovery material and thus by basing a finding on that material. Since no evidence was introduced under General Statutes § 8-8,[3] the court was confined to the record before the board, of which the

---

[2] General Statutes § 8-7 provides, as to an appeal from a decision of a zoning enforcement officer, in pertinent part: "Said [zoning] board [of appeals] shall . . . hear such appeal and give due notice thereof to the parties."

[3] General Statutes § 8-8 permits the introduction of evidence in a zoning appeal if the transcript is incomplete or if the court deems it necessary for the equitable disposition of the appeal.

discovery material was not a part.[4] We sustain the judgment of the trial court, nonetheless, on a different and more fundamental theory, which we are free, of course, to do. *State* v. *Beckenbach*, 1 Conn. App. 669, 673 n.4, 476 A.2d 591 (1984).

It is axiomatic that due notice to interested parties of a hearing to be held by a zoning board is necessary to its jurisdiction. General Statutes § 8-7; *Cavallaro* v. *Durham*, 190 Conn. 746, 747, 462 A.2d 1042 (1983). The plaintiff, as the owner of the property which was the subject of the hearing, was an interested party. This record is bereft of any notice of the hearing given by the board to the plaintiff.

General Statutes § 8-8 required the board "to return either the original papers acted upon by it and constituting the record of the case appealed from, or certified copies thereof." This "require[d] the board to file in the trial court all of the record which is necessary to enable it to pass upon the propriety of the board's action." *Cohen* v. *Board of Appeals on Zoning*, 139 Conn. 450, 453, 94 A.2d 793 (1953). Where a ground of appeal to the court by the property owner is the lack of due notice of the hearing before the zoning board, that notice must be included in the board's return of the record. Any indication of such notice here is conspicuous by its absence.

There is no error.

In this opinion the other judges concurred.

---

[4] We note that the return of the record before the board does not even contain the notice of the hearing purportedly published in the Milford Citizen. It was equally improper for the court, in view of the way in which the case was presented to it, to take cognizance of that purported notice.