OLGA ARRIEU ET AL. *v.* TOWN OF LITCHFIELD ET AL.
(6660)

BORDEN, O'CONNELL and STOUGHTON, Js.

Argued November 4, 1988—decision released January 10, 1989

*Paul R. Phalen,* for the appellants (plaintiffs).

*Michael D. Rybak,* with whom, on the brief, was *R. Christopher Blake,* for the appellee (defendant Litchfield Historical Society, Inc.).

STOUGHTON, J. This is an appeal by the plaintiffs from the judgment of dismissal rendered in favor of the defendants on a motion to dismiss filed by one of the defendants, the Litchfield Historical Society, Inc. (Society). The plaintiffs claim that the trial court erred (1) in finding that the plaintiffs had failed to exhaust their administrative remedies, (2) in finding that the failure of the defendant zoning board of appeals (board) to notify the planning and zoning commission of the Society's pending application was procedural rather than jurisdictional, (3) in finding that subparagraphs (1) and (3) of paragraph 2 (b), section 3, Article VII, of the Litchfield zoning regulations were directory rather than mandatory, and (4) in dismissing the second count of their complaint, brought under General Statutes § 22a-19a. We find no error.

The plaintiffs are landowners whose properties abut that of the Society, which is located in a building constructed in 1905. The Society sought a use variance in order to enlarge and substantially renovate the building. Following a public hearing at which the plaintiffs appeared in opposition to the variance, the board granted the variance for the addition, but denied a variance to construct a small parking lot. Apparently, the plaintiffs' appeal of this decision to the Superior Court was dismissed for failure to serve the town clerk.[1] See

[1] Although both parties assert that this hearing was held and that an appeal was taken, and the trial court apparently relied in its decision on the fact that an appeal was taken, the record is bereft of any exhibits or documents pertaining to it. We also note that the appellants did not seek an articulation by the trial court pursuant to Practice Book § 4051 in order to clarify the trial court's decision.

*Simko* v. *Zoning Board of Appeals,* 206 Conn. 374, 538 A.2d 202 (1988) (en banc).

The plaintiffs' first claim of error is that the trial court erred in finding that they had failed to exhaust their administrative remedies. The plaintiffs contend that they have exhausted their administrative remedies because their first appeal of the use variance was dismissed by the trial court on jurisdictional grounds and not on the merits. They claim that because that dismissal left them without the ability to attack the board's action, they have "exhausted" their administrative remedies and were entitled to seek a declaratory judgment. We disagree.

"[W]hen a party has a statutory right of appeal from the decision of an administrative agency, he may not, instead of appealing, bring an independent action to test the very issue which the appeal was designed to test. *Carpenter* v. *Planning & Zoning Commission,* 176 Conn. 581, 598, 409 A.2d 1029 (1979)." *Davis* v. *Yudkin,* 3 Conn. App. 576, 578, 495 A.2d 714, cert. denied, 197 Conn. 805, 499 A.2d 56 (1985). The fact that the original appeal was dismissed for failure to serve the town clerk does not give the plaintiffs the right to bring an independent action based upon the same grounds. See *Carpenter* v. *Planning & Zoning Commission,* supra. Here, the plaintiffs have failed to take their statutory appeal from the board's decision and consequently they have failed to exhaust their administrative remedies. Id. There is no merit to this claim.

The plaintiffs' second and third claims are intertwined. Essentially, the plaintiffs claim that paragraph 2 (b), section 3, Article VII, of the Litchfield zoning regulations sets forth mandatory requirements that

were not met by the board.[2] Hence, the plaintiffs argue, the failure by the board to transmit the application immediately to the planning and zoning commission constitutes a jurisdictional defect that renders its action null and void. See *Bencivenga* v. *Zoning Board of Appeals,* 2 Conn. App. 384, 387, 478 A.2d 1049 (1984). It is undisputed that the board failed to transmit the Society's application to the commission and that it did not receive a report from the commission on or before the public hearing.

Paragraph 2 (b), section 3, Article VII, of the regulations provides in pertinent part: "Every application for variance from the Use Regulations and Special Regulations as distinguished from the Height and Area Regulations shall be: 1. Immediately transmitted to the [Planning and Zoning] Commission and, on or before the public hearing held by the Board on such application for variance, the Commission shall make a report with recommendations thereon, such report to be a part of the record of the case." The plaintiffs further point out that Article II of the regulations provides in pertinent part: "SECTION I—Rules. In the construction of this regulation, the rules and definitions contained in this Article shall be observed and applied, except where the context clearly indicates otherwise.
"2. The word 'shall' is mandatory and is not discretionary."

The plaintiffs' argument that the trial court's reasoning is erroneous rests solely on their assertion that under the regulations "shall" may be interpreted only as mandatory. The regulations belie this claim, however. Section 1 provides that "[i]n the construction of this regulation, the rules and definitions contained in

---

[2] It is not clear from the record whether this issue was brought to the attention of the board at the hearing or whether the planning and zoning commission did in fact receive notice of the application.

this Article shall be observed and applied, *except where the context clearly indicates otherwise.* " (Emphasis added.)

The trial court found that the regulation was merely directory on the basis of several factors: First, the regulation was in the "Procedure" section of the regulations. Second, there was no language that expressly invalidated any board actions if the board did not comply with the regulation. See *Donohue* v. *Zoning Board of Appeals,* 155 Conn. 550, 554, 235 A.2d 643 (1967). Finally, the trial court noted that the regulation did not go to "the essence of the thing to be accomplished." See id. We cannot say that the trial court was clearly in error in finding that this regulation was merely directory. Accordingly, the failure of the board to follow its directions did not amount to a jurisdictional defect. There is no merit to these claims.

The plaintiffs' fourth claim of error pertains to the second count of the complaint, which was brought under General Statutes § 22a-19a.[3] They claim that the trial court erred in dismissing their action on the basis of their failure to exhaust their administrative remedies. The plaintiffs assert that an action under General Statutes §§ 22a-19a and 22a-20 does not require that administrative remedies be exhausted prior to appeal[4]

---

[3] General Statutes § 22a-19a provides: "The provisions of sections 22a-15 to 22a-19, inclusive, shall be applicable to the unreasonable destruction of historic structures and landmarks of the state, which shall be those properties (1) listed or under consideration for listing as individual units on the National Register of Historic Places (16 USC 470a, as amended) or (2) which are a part of a district listed or under consideration for listing on said national register and which have been determined by the state historic preservation board to contribute to the historic significance of such district. If the plaintiff in any such action cannot make a prima facie showing that the conduct of the defendant, acting alone or in combination with others, has or is likely unreasonably to destroy the public trust in such historic structures or landmarks, the court shall tax all costs for the action to the plaintiff."

[4] General Statutes § 22a-20 provides: "Sections 22a-14 to 22a-20, inclusive, shall be supplementary to existing administrative and regulatory proce-

because § 22a-20 creates a bypass to the general rule that parties seeking a declaratory judgment must first exhaust their administrative remedies.

The record before us does not disclose that this issue was ever raised before the trial court. It is the duty of the appellant to present us with an adequate appellate record. *Neumann* v. *Zoning Board of Appeals*, 14 Conn. App. 55, 63, 539 A.2d 614 (1988). Because the record does not disclose that the plaintiff ever made this claim before the trial court, we decline to review it. Practice Book § 4185; *Ames* v. *Sears, Roebuck & Co.*, 8 Conn. App. 642, 650 n.8, 514 A.2d 352, cert. denied, 201 Conn. 809, 515 A.2d 378 (1986).

There is no error.

In this opinion the other judges concurred.

---

dures provided by law and in any action maintained under said sections, the court may remand the parties to such procedures. Nothing in this section shall prevent the granting of interim equitable relief where required and for so long as is necessary to protect the rights recognized herein. Any person entitled to maintain an action under said sections may intervene as a party in all such procedures. Nothing herein shall prevent the maintenance of an action, as provided in said sections, to protect the rights recognized herein, where existing administrative and regulatory procedures are found by the court to be inadequate for the protection of the rights. At the initiation of any person entitled to maintain an action under said sections, such procedures shall be reviewable in a court of competent jurisdiction to the extent necessary to protect the rights recognized herein. In any judicial review the court shall be bound by the provisions, standards and procedures of said sections and may order that additional evidence be taken with respect to the environmental issues involved."