[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION TO DISMISS
Suit was brought by three pro se plaintiffs, Florence Krondes, the Estate of James Krondes by Florence Krondes, Executrix and John J. Krondes, with a return date of August 18, 1992. Each of their names are located in the box on the summons entitled "FOR THE PLAINTIFF(S) ENTER CT Page 1079-UU THE APPEARANCE OF." Three separate signatures one of each of the plaintiffs are found on the summons in the box entitled "SIGNATURE OF PLAINTIFF IF PRO SE". Three separate signatures of the plaintiffs are also found on the summons certifying that they "have read and understand the above" — referring to their responsibilities, etc. if the summons is signed by a clerk. The first page of the complaint has the same three names in the court caption. The complaint is signed by "THE PLAINTIFFS"
 BY ________________________ JOHN J. KRONDES For the Estate of James Krondes 31 Isaac Street Norwalk, CT 06850 Tel: (203) 852-0021
(The apparent signature of John J. Krondes appears on the original above his name.)
The defendant Zanesky filed a motion to dismiss claiming that the irregularities in the signing of the complaint are deficiencies that CT Page 1079-VV rise to the level of subject matter jurisdiction.
"A motion to dismiss . . . `properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court.'" Gurliacci v. Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991). "The grounds which may be asserted in this motion are: . . .(1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person; . . . (3) improper venue, (4) insufficiency of process; and (5) insufficiency of service of process; Zizka v. Water Pollution ControlAuthority, 195 Conn. 682, 687, 490 A.2d 509 (1985); Practice Book § 143.
To contest the court's jurisdiction, a defendant must file a motion to dismiss within 30 days of having entered a general appearance. Practice Book § 142. This was not done in this case. However, a motion to dismiss based on subject matter jurisdiction is not waived by failure to adhere to the 30 day rule (Practice Book § 145) and it is on this basis that the defendant has filed his motion to dismiss. It seems that the complaint was not signed by any of the pro se parties but rather John Krondes for the Estate of James Krondes. This plaintiffs' defect has not been remedied by a request to amend and none of the CT Page 1079-WW defendants brought the matter to the court's attention until the defendant, Zanesky, filed a motion to dismiss dated April 11, 1994 more that a year and one half after the return day and almost a year and one half after the plaintiff, Florence Krondes, claimed the case for a hearing in damages.
The court finds the case of Shokite v. Perez, 19 Conn. App. 203, to be persuasive on several issues. That case concerned an unsigned complaint. General Statutes § 52-45a provides that a signed writ (which there was here) be accompanied by a copy of the complaint.
 Civil actions shall be commenced by legal process consisting of a writ of summons . . . describing the parties, the court to which it is returnable, the return day and the date and place for the filing of an appearance. The writ shall be accompanied by the plaintiff's complaint . . . and shall be signed by a commissioner of the superior court.
Section 52-45a contains no language directing signature of the complaint. The defendant Zanesky's motion to dismiss based on noncompliance with General Statutes § 52-45a is denied. Under the CT Page 1079-XX circumstances of this case that statute did not deprive the court of subject matter jurisdiction.
The Shokite case is also dispositive of the defendant Zanesky's claim under Practice Book § 399 which prohibits the court clerk from filing any paper that has not been signed by counsel. Practice Book § 399 provides in in relevant part: "No pleading or paper in any case shall be filed by the clerk until it shall have been signed by counsel. . . ." Shokite (at p. 206) held § 399 to be directory and not mandatory as the obligation created by § 399 is imposed on the clerk and not on the plaintiff and because § 399 also contains no sanction for noncompliance. Under the circumstances of this case, the motion to dismiss based on failure to comply with Practice Book § 399 is denied.
This court further finds Practice Book § 119 to be directory, not mandatory.
 Every pleading and other paper of a party represented by an attorney shall be signed by at least one attorney of record in his individual name. A party who is not represented by an attorney shall sign his pleadings and other papers. The name CT Page 1079-YY of the attorney or party who signs such document shall be legibly typed or printed beneath the signature. The signing of any pleading, motion, objection or request shall constitute a certificate that the signer has read such document, that to the best of the signer's knowledge, information and a belief there is good ground to support it, and that it is not interposed for delay. Each pleading and every other court-filed document signed by an attorney or party shall set forth the signer's telephone number and mailing address.
The rules of statutory construction also apply to the Practice Book rules. Grievance Committee v. Trantolo, 192 Conn. 15, 22, 470 A.2d 228
(1984). The test to be applied in determining whether a statute is mandatory or directory is whether the prescribed mode of action is the essence of the thing to be accomplished, or in other words, whether it relates to a matter of substance of a matter of convenience.International Brotherhood of Teamsters v. Shapiro, 138 Conn. 57, 68,82 A.2d 345 (1951). If it is a matter of substance, the statutory provision is mandatory. State ex re. Eastern Color Printing Co. v.Jenks, 150 Conn. 444, 451, 190 A.2d 591 (1963). If, however, the legislative provision is designed to secure order, system and dispatch CT Page 1079-ZZ in the proceedings, it is generally held to be directory, especially where the requirement is stated in affirmative terms unaccompanied by negative words. Winslow v. Zoning Board, 143 Conn. 381, 388,122 A.2d 789 (1956). Such a statutory provision is one which prescribes what shall be done but does not invalidate action upon a failure to comply.Broadriver, Inc. v. Stamford, 158 Conn. 522, 529, 265 A.2d 75 (1969). Thus a guide often utilized by our courts to determine whether a statutory provision is directory or mandatory is to examine whether the language of the provision in question expressly invalidates any action taken after non-compliance with the provision. Donohue v. Zoning Boardof Appeals, [155 Conn. 550, 554, 235 A.2d 643 (1967)]; Winslow v. ZoningBoard, 143 Conn. 381, 387, 122 A.2d 789 (1956); Arrieu v. Litchfield,17 Conn. App. 320, 324, 552 A.2d 445 (1989). Practice Book § 119 does not contain language expressly invalidating non compliance with its provisions.
It should also be noted that the Judges of the Superior Court — those who make the Practice Book rules — have n other sections expressly provided consequences for the failure to act in a timely manner. The applicable tenets of statutory construction counsel this court to ascribe significance to the absence, in Practice Book § 119, of CT Page 1079-AAA the explicit provisions for automatic consequences found in other provisions of the Practice Book. Leo Fedus Sons Construction Co. v.Zoning Board of Appeals, 225 Conn. 432, 331 (1993). It is a principle of statutory construction that a court must construe a statute as written; Zachs v. Groppo, 207 Conn. 683, 690, 542 A.2d 1145 (1988);Ganim v. Roberts, 204 Conn. 760, 763, 529 A.2d 194 (1987) and this Practice Book rule provides no "penalty" for failing to adhere to its directions. The court therefore finds Practice Book § 119 to be directory, not mandatory. Under the circumstances of this case, the motion to dismiss based on failure to comply with Practice Book § 119 is denied.
In addition to the above, the court is mindful that "it is the policy of the law to bring about a trial on the merits of the dispute whenever possible and to secure for the litigant his day in court."Snow v. Calise, 174 Conn. 567, 574. "It is not the policy of our courts to interpret rules and statutes is so strict a manner as to deny a litigant the pursuit of its complaint for mere circumstantial defects"Hartford National Bank and Trust Co. v. Tucker, 178 Conn. 472, 477-78.
The writ and summons in this case were properly executed. The CT Page 1079-BBB complaint was improperly and/or only partially signed. The defendants were fairly apprised of the plaintiffs' identity and the nature of the cause of action. The complaint was timely filed. None of the several defendants brought this issue to the courts attention until a hearing in damages loomed on the immediate horizon — some one and one-half years after service of the complaint.
The document filed with the court afforded the defendants actual notice and was in substantial compliance with statutory and court rule provisions. The defendants have not been misled or prejudiced by the irregularities with the signature on the complaint. To raise those irregularities to the level of subject matter jurisdiction is something this court is unwilling to do.
The motion to dismiss is denied.
LAWRENCE L. HAUSER