[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE
 Procedural Background
The instant appeal began with an action returnable on April 28, 1998. Pinchbeck had challenged a zoning board of appeals decision upholding a ruling relative to the need for a side yard variance at 835 Mulberry Point Road, Guilford, Connecticut. Pinchbeck's appeal of that ruling to the Superior Court was dismissed by Judge Downey on August 7, 1998. The Appellate Court reversed Judge Downey's decision finding that there was insufficient evidence to support his dismissal. Judge Downey had granted the dismissal after concluding that the appeal was not timely taken. In remanding the case for further proceedings, the Appellate Court directed a determination whether an "order requirement or decision" had been issued relative to the side yard variance at the time of a previous unappealed zoning hearing. Kristine Pinchbeck v. Zoning Board of AppealsTown of Guilford, 58 Conn. App. 74 (2000). Upon remand the Superior Court, Pittman, J., heard extensive reargument by the defendants concerning the trial court jurisdiction to hear Pinchbeck's appeal. Judge Pittman allowed the introduction of additional exhibits.
By memorandum dated August 15, 2001, Judge Pittman denied the defendant's motion to dismiss. Judge Pittman expressly found that the previous zoning proceeding, which related to a front yard variance, had not addressed the issue of a side yard variance.
Accordingly, Judge Pittman found that the court had jurisdiction to hear and decide the appeal on the merits.
 Facts
On July 1, 1997, the defendants, Linda and Gary Friedlaender, submitted an application to the Guilford Zoning Board of Appeals for a front yard setback variance to construct an addition to their single family home. The plaintiff was the owner of property adjacent to the defendants. Although a front yard variance was requested, there was no request for a side line variance to accommodate the vertical expansion which was proposed. In July of 1997, the ZBA granted the requested front yard CT Page 2203 variance. In October of 1997, counsel for the plaintiff wrote to the Guilford zoning enforcement officer and requested that the officer state in writing whether a side yard variance for the proposed addition was necessary. The zoning enforcement officer responded to the plaintiff's counsel that an addition to the second story would not require a side line variance.
In November of 1997, the plaintiff appealed the ZEO's ruling to the Guilford Zoning Board of Appeals. The zoning board of appeals upheld its ZEO and the plaintiff appealed that decision to the Superior Court instituting the present action.
On November 19, 2001, the defendants, Friedlaender, filed an answer and two special defenses. The first special defense again raised the question of timeliness of the appeal which had previously been considered by Judge Downey, by the Appellate Court, and by Judge Pittman. The second special defense read as follows:
 "The Record is devoid of any evidence whatsoever that either the Guilford Zoning Board of Appeals or Plaintiff provided notice of Plaintiff's appeal to the Defendants Friedlaender prior to, at the time of', or subsequent to the proceedings before the ZBA notwithstanding Plaintiff's efforts to affect and diminish Defendants' property rights thereby."
By motion dated November 27, 2001, the plaintiff, Pinchbeck, moved to strike the first and second special defenses of the defendants Friedlaender.
 Discussion Louis v. Gaming Policy Board, 224 Conn. 693 (1993) was an appeal pursuant to the Uniform Administrative Procedure Act. Several defendants had filed a motion to dismiss claiming that the plaintiff's action lacked subject matter jurisdiction. The court (Freed, J.) denied the plaintiff's motion. Subsequently, at trial, the court (Norko, J.) dismissed the plaintiff's appeal upon a finding that the court was without subject matter jurisdiction because of the plaintiff's inability to meet statutory UAPA requirements as originally asserted by the defendants.
The Supreme Court held:
"The law of the case . . . expresses the practice of judges generally to refuse to reopen what has been decided and it is not a limitation on their CT Page 2204 power. . . . where a matter has previously been ruled upon interlocutory, the court in a subsequent proceeding in the case may treat that decision as the law of the case, if it is of the opinion that the issue is correctly decided. . . . [n]evertheless, if the case comes before [a subsequent judge] regularly and he becomes convinced that the view of the law previously applied by his coordinate predecessor was clearly erroneous and would work a manifest injustice if followed, he may apply his own judgment." Breen v. Phelps, 186 Conn. 86, 99 (1982).
However, it is also true that "[i]t is a fundamental rule that a court may raise and review the issue of subject matter jurisdiction at any time." Louis at 698. Further, the Appellate Court held in Pinchbeck v.Department of Public Health, 65 Conn. App. 201, 207-208 (2001) cert. denied 258 Conn. 928 (201).
 "This court has held that when the jurisdiction of the trial court is implicated, an adjudicator is not bound by the law of the case doctrine, but should consider independently the issue of jurisdiction. . . . [i]t is axiomatic that if the court lacks subject jurisdiction, it is without the power to hear the matter before it. Therefore, the court must determine the jurisdictional issue `before it can move one further step in the cause; as any movement is necessarily the exercise of jurisdiction.'"
Having carefully considered Judge Pittman's decision, this court is not of the opinion that her decision "was clearly erroneous and would work a manifest injustice if followed." Accordingly, in so far as the law of the case is to be applied, the court strikes the first special defense challenging jurisdiction. However, the court acknowledges that because the first special defense challenges jurisdiction, it will be necessary for the trial judge to again consider this issue before the trial court "can move one further step in the cause." Recognizing that subject matter jurisdiction appears to be an exception to the law of the case, and recognizing further that it can be expected to be raised again with the trial judge, this court, while striking the special defense as procedurally improper, sees nothing to be gained by ruling on the jurisdictional question prior to trial.
The defendant's second special defense presents a unique theory that the defendant's were entitled to actual notice of the plaintiff's appeal because their property rights were being affected. The defendants cite CT Page 2205Bencivenga v. Zoning Board of Appeals, 2 Conn. App. 384, 387 (1984) for the proposition:
 ". . . [i]t is axiomatic that due notice to interested parties of a hearing to be held by a zoning board is necessary to its jurisdiction [citations omitted]."
However, there is nothing in the cited case which stands for the proposition that actual notice is required. Rather the Bencivenga court after noting the requirement for notice by publication states: "Any indication of such notice [by publication] is conspicuous by its absence." The problem in Bencivenga is not the failure to give personal or actual notice to the affected property owner, but the failure to include in the return of record proof of publication.
The court finds that the second special defense fails to state a claim for which relief can be granted. The second special defense is stricken.
 Conclusion
Both the first and second special defenses are stricken. However, while striking the jurisdictional claims contained in the first special defense, the court acknowledges, without refusing to follow the law of the case established by Judge Pittman, that this jurisdictional claim may be revisited at the time of trial.
The court by:
 ___________________ Kevin E. Booth, Judge