[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an appeal from a decision of the appellee Zoning Board of Appeals of the Town of Madison, which on October 6, 1998, affirmed a decision of the zoning enforcement officer regarding the characterization of a property line between property of the appellants Dean and Donna Thomasson and the appellee Janice F. Carroll Family Trust. The configuration of the properties is schematically as follows:
[EDITORS' NOTE: THE DIAGRAM IS ELECTRONICALLY NON-TRANSFERRABLE.]
According to the town's zoning regulations, if line AB is a "front line" as to the Carroll property, then the setback requirement is forty feet; but if the line is characterized as a "side line", then the Carrolls may build within twenty feet of the line. The zoning enforcement officer decided that the line was a side line, and the zoning board of appeals unanimously affirmed the enforcement officer's determination. The Thomassons, who understandably desire that the Carrolls be required to build at a greater distance from the property line, have appealed to the Superior Court. I have read the record submitted and the briefs, and the case was argued orally.
 The applicable regulations are as follows: CT Page 9045
 19.16.1 FRONT LOT: A lot which has frontage of at least 25 feet along a public highway or along a private road . . . and where the building line is within 150 feet of such highway or private road.
 19.16.2 REAR LOT: A lot other than a front lot. On any rear lot, all other lines except the front lot lines shall be side lot lines.
 19.17 LOT LINE, FRONT: All dividing lines between a street and the lot shall be considered from lines.
 19.18 LOT LINE, SIDE: The line or lines bounding a lot which extends from the street toward the rear in a direction approximately perpendicular to the street. In the case of corner lots, all lines extending from the street shall be considered side lines.
The appellants argue that line AB, as it is roughly parallel to the street, should be deemed a front line as to the Carroll property, and that the use of the plural in the phrase "except front lot lines" in § 19.16.2 compels the construction that it is contemplated that a rear lot will have more than one front line. The appellees maintained that the line in issue does not divide the Carroll lot from the street, and thus is not a front line pursuant to § 19.17; it is, therefore, a side line pursuant to § 19.16.2. The appellees noted that a rear lot could have more than one front line, such as in the situation where there is access to two streets.
I find that the Thomassons, as abutting property owners, are aggrieved and have standing to bring the appeal. See, e.g., § 8-8
(a), (b) of the General Statutes; Point O' Woods Ass'n. v. ZoningBoard of Appeals, 178 Conn. 364, 366 (1979).
The function of the court on appeal has been aptly stated inBurnham v. Planning Zoning Commission, 189 Conn. 261, 266
(1983):
"Courts must not disturb the decision of a zoning [authority] unless the party aggrieved . . . establishes that the [authority] acted arbitrarily or illegally." (Citations omitted). A trial court, therefore, may not substitute its judgment for that of a local zoning authority, and may not disturb the authority's decision where honest judgment has been reasonably and fairly CT Page 9046 exercised after a full hearing.
I have reviewed the record and cannot find that the interpretation and application of the regulations were arbitrary or unreasonable: a decision to the effect that a line which divides a lot from another lot is not a line which divides a lot from a street is not illogical. There has been no question raised as to the fairness of the process. Although there were materials in the record to the effect that maps of other subdivisions show rear lots with setbacks of forty feet, there is nothing to suggest that the zoning officials have made decisions in arbitrary or inconsistent ways.
In the circumstances, there is nothing to compel reversal, and the appeal is dismissed.
Beach, J.